UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WOODBURY AUTOMOTIVE WAREHOUSE
ENTERPRISES, LLC,

                  Plaintiff,

        v.

GENUINE PARTS COMPANY, INC., D/B/A
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION,

                  Defendant.

NOTICE OF REMOVAL



---

To the Judges of the United States District Court for the Southern District of New York:

Defendant Genuine Parts Company, Inc. (improperly named as "Genuine Parts Company, Inc. d/b/a National Automotive Parts Association"), by its undersigned counsel, hereby gives notice of the removal of an action commenced by plaintiff in the Supreme Court of the State of New York, Bronx County, entitled WOODBURY AUTOMOTIVE WAREHOUSE ENTERPRISES, LLC, Plaintiff, v. GENUINE PARTS COMPANY, INC., D/B/A NATIONAL AUTOMOTIVE PARTS ASSOCIATION, Defendant, Index No. 305444/08, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332 and 1441, and in support of such removal alleges and shows to the Court as follows:

1.    On or about June 30, 2008, plaintiff commenced the above referenced action against Defendant in the Supreme Court of the State of New York, Bronx County.

2.    Defendant was served with a copy of the summons and complaint when it was delivered to the New York Secretary of the State on July 29, 2008 pursuant to Section 306 of the Business Corporation Law. The summons and complaint was received in Defendant's offices on August 5, 2008.

3.     A true and correct copy of the summons and complaint received by Defendant is attached to this Notice as Exhibit A. In its complaint, plaintiff has alleged that Defendant breached confidentiality agreements allegedly entered into between the parties and tortiously interfered with plaintiff's contractual relationships with automotive retail stores. No other process, order or pleading in this action has been received to date by defendant.

4.     This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441(a), because the action is between citizens of different States, in that plaintiff is a limited liability company organized under the laws of the State of New York with its principal place of business in Suffolk County, New York, and defendant is, and at the time of commencement of this action was, a corporation organized under the laws of the State of Georgia with its principal place of business in Fulton County, Georgia. The matter in controversy exceeds the sum of $75,000 because plaintiff has allegedly suffered damages in the amount of Ten Million dollars ($10,000,000.00).

5.     This action may be removed to this Court pursuant to 28 U.S.C. §§ 112(b) and 1441(a) in that this district embraces Bronx County, New York.

6.     This Notice of Removal is filed with this Court within 30 (thirty) days after receipt by Defendant of the summons and complaint in the above referenced action. A true and correct copy of this Notice of Removal will be filed with the Office of the Clerk of the Supreme Court of New York, Bronx County as provided by law.

WHEREFORE, Defendant Genuine Parts Company, Inc. (improperly named as "Genuine Parts Company, Inc. d/b/a National Automotive Parts Association"), prays that the

above referenced action now pending against it in the Supreme Court of New York, Bronx County be removed therefrom to this Court.

Dated: August 27, 2008

ALSTON & BIRD, LLP

By: _____
Karl Geercken (KG5897)
Naeemah Clark (NC4961)

90 Park Avenue
New York, New York 10016
(212) 210-9400
*Attorneys for Defendant*

OF COUNSEL

Randal L. Allen
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, GA 30309
(404) 881-7196

To:   GALARZA LAW OFFICE, P.C.
      5020 Sunrise Highway, 2nd Floor
      Massapequa Park, New York 11762
      (516) 797-1600
      *Attorneys for Plaintiff*

# EXHIBIT A

Alston & Bird

State of New York - Department of State
Division of Corporations

Party Served:  
GENUINE PARTS COMPANY

Plaintiff/Petitioner:  
WOODBURY AUTOMOTIVE WAREHOUSE ENTERPRISES, LLC

GENUINE PARTS COMPANY  
2999 CIRCLE 75 PARKWAY  
ATLANTA, GA 30339

Dear Sir/Madam:  
Enclosed herewith is a legal document which was served upon the Secretary of State on 07/29/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,  
Division of Corporations



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x    Index Number: 305444/08
WOODBURY AUTOMOTIVE WAREHOUSE
ENTERPRISES, LLC,

                              Plaintiff,

               - against -

GENUINE PARTS COMPANY, INC., D/B/A
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION,
                             Defendant.
------------------------------------------------------------x

**SUMMONS AND COMPLAINT**
Plaintiff's Address: 605 Albany Ave.
Amityville, New York 11701

The basis of venue designated is:
Plaintiff's place of business
**We are attempting to collect a debt. Any information obtained will be used for that purpose.**

TO THE ABOVE-NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED, to Answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Massapequa Park, New York
           June 27, 2008

                                                   GALARZA LAW OFFICE, P.C.
                                                   Attorneys for Plaintiff
                                                   5020 Sunrise Highway, 2nd Floor
                                                   Massapequa Park, New York 11762
                                                   (516) 797-1600

TO:   Genuine Parts Company, Inc.
        d/b/a National Automotive Parts Association
       2999 Circle 75 Parkway
       Atlanta, Georgia 30339

RECEIVED - LEGAL DEPT.
AUG 5 2008
__ REG. MAIL    __ HAND DEL.
✓ CERT. MAIL    __ OTHER

from the Dept of State of NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------x   Index Number: 305444/08

WOODBURY AUTOMOTIVE WAREHOUSE
ENTERPRISES, LLC,                                                  VERIFIED COMPLAINT

                            Plaintiff,

            -against-

GENUINE PARTS COMPANY, INC., D/B/A
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION,
                            Defendant.
----------------------------------------------------------------x

        Plaintiff, by its attorneys Galarza Law Office, P.C., complaining of Defendant, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    At all times herein mentioned, Woodbury Automotive Warehouse Enterprises, LLC, (hereinafter "Plaintiff") was and still is a domestic entity with its principal place of business located at 605 Albany Avenue, Amityville, New York 11701.

    2.    Upon information and belief, and at all times herein mentioned, Defendant Genuine Parts Company, Inc. (hereinafter "GPC"), is a Georgia corporation with its principal place of business at 2999 Circle 75 Parkway, Atlanta, Georgia 30339 and Defendant National Automotive Parts Association (hereinafter "NAPA") is an operational division of GPC, with several hundred locations throughout the United States, including but not limited to, the State of New York.

    3.    WAW is a wholesaler of automotive parts and accessories and/or automotive replacement parts ("after-market") for use on automobiles within the Northeast region of the United States. WAW supplies said after-market parts to automotive retail stores (hereinafter "Jobbers") and said Jobbers, in turn, sell said after-market parts to consumers and

automotive repair shops. The distribution of after-market parts to Jobbers is accomplished by twelve (12) WAW distribution warehouses located in New York and New Jersey.

4. Upon information and belief, Defendant GPC is a service organization engaged, *inter alia*, in the distribution of automotive replacement parts, industrial replacement parts, office products and electrical/electronic materials. Defendant GPC's Automotive Parts Group is its largest division and distributes automotive replacement parts, accessory items and service items. The Automotive Parts Group distributes thousands of products under the National Automobile Parts Association ("NAPA") brand name. The distribution of NAPA-brand auto parts is accomplished through sixty-one (61) NAPA distribution centers, owned and operated by GPC, which supply approximately 5,800 NAPA Auto Parts stores throughout the United States, of which approximately 800 are owned by GPC. GPC's Auto Parts Group is a dominant distributor of automotive replacement parts and accessories in North America.

5. Defendant GPC is a competitor of WAW with both companies seeking to recruit Jobbers to purchase said after-market parts, however, WAW is but a small fraction of the size, scope and operation of GPC.

6. Beginning in the spring of 2001, on or about May 18, 2001 and continuing through January 26, 2006 and through the present, Defendant GPC expressed an interest in purchasing and/or merging with WAW and executed two (2) separate Confidentiality Agreements (hereinafter collectively "CAs") for the purpose of keeping all WAW's information confidential, to induce WAW to disclose its customer base and complete business operations to Defendant GPC and/or NAPA. In reliance of said executed CAs, WAW disclosed its business operation, as well as confidential written and oral information to the Defendant GPC and/or NAPA.

7. In furtherance of the aforesaid CAs, WAW disclosed to Defendant GPC

and/or NAPA its valuable customer base, its entire warehouse operations, financial information, via numerous emails, meetings, phone calls and phone conferences, demonstrations and documentation.

8. The Defendant GPC began contacting WAW Jobbers in flagrant disregard of said CAs, in violation of said CAs, to WAW's detriment and, in fact, was successful in converting some Jobbers to NAPA customers, with false promises to said customers of expansion and growth, at the expense of other Jobbers, WAW and manufacturers.

9. The customers contacted by GPC were WAW's most profitable customers.

10. This was a violation of the CAs because NAPA would not have known about said profitable jobber absent the disclosure by WAW of said confidential information, nor would NAPA have targeted said Jobbers absent the disclosure by WAW of said confidential information.

11. The aforesaid profitability of said jobbers contacted by GPC would not have been known to GPC absent the disclosure by WAW of said confidential information.

12. Notwithstanding numerous and repeated requests by WAW, NAPA, in violation of said CAs with WAW, refused, and continue to refuse, to abide by said CAs.

13. Upon information and belief, the aforesaid conduct was predatory and NAPA used said predatory tactics to gain a greater market share, as aforesaid.

14. The conduct of NAPA caused Jobbers to violate their purchasing agreement with WAW.

15. NAPA knew or should have known of said Jobbers contracts with WAW and the resulting breach of said Jobbers to WAW.

16. Upon information and belief, the aforesaid predatory practice by NAPA

occurred by first attacking and/or preying on the greater and more profitable Jobbers to gain a greater market share, then focusing on the smaller and or weaker Jobbers with the same said aforesaid predatory practices and/or tactics, then turning its focus and predatory tactics on the companies like WAW herein, in an attempt to gain a greater market share.

17. Upon information and belief, NAPA operates like a franchise through its Jobbers, except that there is no written protection for said Jobbers against competition or pricing from NAPA and/or its subsidiaries, and same is intentional so that NAPA can employ the aforesaid practices and tactics to gain greater market shares in the sale of "after market" parts through its predatory conduct.

18. Upon information and belief, at all times hereinafter relevant, all of the aforesaid practices have occurred throughout the United State of America, including but not limited to, the State of New York, New Jersey, Pennsylvania, Connecticut and Washington.

19. Plaintiff WAW disclosed certain confidential information to Defendant GPC during the time that said CAs were in full force and effect.

20. The confidential information disclosed included, but was not limited to, information on Jobbers, sales to specific Jobbers, the ability of WAW to convert said Jobbers to NAPA customers, the viability to convert specific Jobbers to NAPA customers, the ability of some Jobbers to purchase other Jobbers, and the biggest Jobber customers WAW had to offer to GPC in the event of a merger and/or acquisition.

21. The Defendant GPC contacted a select group of WAW Jobbers in violation of said CAs, without WAW's knowledge and consent, and made said Jobbers NAPA customers only days after GPC communicated to WAW that it was no longer interested in merging with and/or acquiring WAW because it did not fit the business model of GPC.

22. The aforesaid conduct by GPC was a breach of the CAs and the Jobbers

subsequent dealing with NAPA and not WAW was a subsequent breach.

23. The continual breaches of contract set forth above constitutes breaches of the implied covenant of good faith and fair dealing as GPC is not performing, in good faith, its obligations under the CAs, and GPC's conduct is effectively violating, nullifying, and significantly impairing the Plaintiff WAW's benefit of the contract.

24. As a result of GPC's breach of the covenant of good faith and fair dealing, the Plaintiff WAW has and continues to incur damages in the form of reduced profit margins on sales made, a reduced number of sales, and a loss of commercial and retail customer accounts in the approximate amount of Ten Million ($10,000,000.00) Dollars.

25. Upon information and belief, NAPA used the confidential information disclosed by WAW in its bid to gain a greater market share of said Northeast region, to convert WAW's Jobbers to NAPA Jobbers, to injure the Plaintiff WAW, with the intention of injuring Plaintiff WAW, with the hope of purchasing the assets of the Plaintiff WAW at a reduced purchase price at a distressed sale after gaining a greater market share.

26. The acts of Defendant GPC caused damages to the Plaintiff WAW and Plaintiff WAW now seeks damages in the amount of Ten Million ($10,000,000.00) Dollars as a result of said breach.

### AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff WAW repeats and realleges each and every allegation of paragraphs 1-26.

27. The Defendant GPC was fully aware of the CAs.

28. Plaintiff WAW had contracts and/or agreements to supply "after market" parts to its Jobbers that is disclosed to GPC.

29. The Defendant GPC was fully aware of the said contract and/or

agreement WAW had with its Jobbers via the confidential information disclosed by WAW.

30. Plaintiff WAW would have continued conducting business with its Jobbers but for the activities of the Defendant GPC.

31. The conduct of the Defendant GPC was motivated to cause harm to the Plaintiff WAW and/or used dishonest, unfair or improper means to in effect take over the business of Plaintiff WAW without fair compensation.

32. The conduct of the Defendant GPC interferes with the Plaintiff WAW's ability to sell after-market parts to its Jobbers, and thus caused said Jobbers to break their contracts with WAW.

33. That as a result of the conduct of the Defendant GPC, Plaintiff WAW has been severely damaged in the amount of Ten Million ($10,000,000.00) Dollars.

34. By reason of Defendant GPC's predatory, Plaintiff WAW has been injured in its business and property and is threatened with further injury, loss and damage.

35. The full extent of Plaintiff WAW's injury is presently uncertain, Plaintiff WAW's injuries arise from Defendant GPC's violation of said CAs and tortuous interference with Contract.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) on the first cause of action, Ten Million ($10,000,000.00) Dollars, with interest from January 1, 2008.

(b) on the second cause of action, Ten Million ($10,000,000.00) Dollars with interest from January 1, 2008.

        (c)    such other and further relief as to this court deems just, proper and equitable.

Dated:     Massapequa Park, New York
                June 27, 2008

                                            Yours etc.

                                            GALARZA LAW OFFICE, P.C.
                                            Attorneys for Plaintiff
                                            5020 Sunrise Highway, 2nd Floor
                                            Massapequa Park, New York 11762
                                            (516) 797-1600

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
WOODBURY AUTOMOTIVE WAREHOUSE
ENTERPRISES, LLC,

                     Plaintiff,

    -against-

GENUINE PARTS COMPANY, INC., D/B/A
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION,
                     Defendant.
-------------------------------------------------------------x

Index Number:

**AFFIRMATION**

STATE OF NEW YORK    )
                              ).ss:
COUNTY OF BRONX    )

       J. CEASAR GALARZA, an attorney licensed to practice law in the State of New York, affirm the following under the penalties of perjury:

    1.    I am the attorney for the Plaintiff herein.

    2.    I have read the foregoing Summons and Complaint and know the contents thereof; that the same is true to my knowledge except as to matters stated therein to be upon information and belief; as to those matters, I believe them to be true. The grounds of my belief are conversations had with the Plaintiff and also records and files maintained by Affirmant.

    3.    I am making this Verification instead of Plaintiff because Plaintiff does not maintain its office in the same county wherein Affirmant maintains his office.

Dated: Massapequa Park, New York
       June 27, 2008

                                                   J. CEASAR GALARZA