UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOODBURY AUTOMOTIVE WAREHOUSE ENTERPRISES, LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>GENUINE PARTS COMPANY, INC., D/B/A NATIONAL AUTOMOTIVE PARTS ASSOCIATION,<br><br>                     Defendant. | Index No. 08-CV-7574-DC-KNF |

**DEFENDANT GENUINE PARTS COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT**

Defendant Genuine Parts Company (hereinafter "GPC") (improperly named as "Genuine Parts Company, Inc. d/b/a National Automotive Parts Association"), by and through its undersigned counsel, hereby responds to the Verified Complaint, and avers as follows:

AS AND FOR A FIRST CAUSE OF ACTION

1.     GPC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and accordingly denies same.

2.     GPC admits that it is a Georgia corporation with its principal place of business at 2999 Circle 75 Parkway, Atlanta, Georgia 30339. GPC denies the remaining allegations in Paragraph 2. By way of further answer, GPC states that GPC and National Automotive Parts Association ("NAPA") are two separate legal entities and that the answers GPC provides herein it provides only on its own behalf, and not on behalf of NAPA.

3. GPC admits that Woodbury Automotive Warehouse Enterprises, LLC ("WAW") is a wholesaler of automotive parts and accessories and/or automotive replacement parts for use in automobiles; and that WAW supplies the aforementioned after-market parts to automotive retail stores, which sell said after-market parts to consumers and automotive repair shops. GPC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and accordingly denies same.

4. GPC admits that it is a service organization engaged in the distribution of automotive replacements parts, industrial replacement parts, office products and electrical/electronic materials; that its Automotive Parts Group distributes automotive replacement parts, accessory items and service items and is its largest division; and that the Automotive Parts Group distributes thousands of products under the NAPA brand name. GPC denies the remaining allegations of Paragraph 4.

5. GPC admits that it competes with WAW for the sale of after-market parts to automotive retail stores and that WAW is smaller than GPC. GPC denies the remaining allegations of Paragraph 5.

6. GPC admits that it entered into one confidentiality agreement with WAW in 2006. GPC denies the remaining allegations in Paragraph 6.

7. GPC denies the allegations in Paragraph 7.

8. GPC denies the allegations in Paragraph 8.

9. GPC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and accordingly denies same.

LEGAL02/52028713v1

10. The allegations in Paragraph 10 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

11. GPC denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

13. The allegations in Paragraph 13 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

14. The allegations in Paragraph 14 are not directed towards GPC, but instead towards NAPA, a separate company. Therefore, GPC is not required to respond to them and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

15. The allegations in Paragraph 15 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

16. The allegations in Paragraph 16 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said

- 4 -

allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

17. The allegations in Paragraph 17 are not directed towards GPC, but instead towards NAPA, a separate legal entity. Therefore, GPC is not required to respond to said allegations and on that basis denies them. To the extent an answer is otherwise required, GPC denies said allegations.

18. GPC denies the allegations in Paragraph 18.

19. GPC admits that WAW provided it with certain information. GPC denies the remaining allegations in Paragraph 19.

20. GPC denies the allegations in Paragraph 20.

21. GPC admits that it informed WAW that GPC was not interested in acquiring WAW. GPC denies the remaining allegations in Paragraph 21.

22. GPC denies the allegations in Paragraph 22.

23. GPC denies the allegations in Paragraph 23.

24. GPC denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are not directed towards GPC, but instead towards NAPA, a separate company. Therefore, GPC is not required to respond to them and, on that basis, denies them. To the extent an answer is otherwise required, GPC denies said allegations.

26. GPC denies the allegations in Paragraph 26.

LEGAL02/52028713v1

- 5 -

## AS AND FOR A SECOND CAUSE OF ACTION

27.    In response to the first Paragraph labeled 27 in the Verified Complaint, GPC hereby reiterates and incorporates its responses to Paragraphs 1 through 26 of the Verified Complaint as if such responses were fully set forth herein.

27.    In response to the second Paragraph labeled 27 in the Verified Complaint, GPC admits that it entered into one Confidentiality Agreement with WAW in 2006. GPC denies the remaining allegations in the second Paragraph labeled 27.

28.    GPC denies the allegations in Paragraph 28.

29.    GPC denies the allegations in Paragraph 29.

30.    GPC denies the allegations in Paragraph 30.

31.    GPC denies the allegations in Paragraph 31.

32.    GPC denies the allegations in Paragraph 32.

33.    GPC denies the allegations in Paragraph 33.

34.    GPC denies the allegations in Paragraph 34.

35.    GPC denies the allegations in Paragraph 35.

## RESPONSE TO PRAYER FOR RELIEF

36.    GPC denies that Woodbury Automotive Warehouse Enterprises, LLC is entitled to any of the relief that it seeks. GPC denies all allegations of the Verified Complaint to the extent not specifically admitted in the preceding paragraphs of this Answer.

## FIRST AFFIRMATIVE DEFENSE

37.    Plaintiff's Verified Complaint fails to state a claim upon which relief may be granted.

LEGAL02/52028713v1

### SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims, if any, are barred, in whole or in part, because Plaintiff has suffered no legally cognizable damages, injury or loss.

### THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred, in whole or in part, because GPC's conduct is not the proximate cause of Plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

WHEREFORE, Defendant Genuine Parts Company requests that the Court enter judgment in its favor, and that the Court grant Defendant such other and further relief as the Court deems appropriate.

LEGAL02/52028713v1

- 7 -

Dated: September 4, 2008

ALSTON & BIRD, LLP

By: /s/
  Karl Geercken (KG5897)
  Naeemah Clark (NC4961)

90 Park Avenue
New York, New York 10016
(212) 210-9400
karl.geercken@alston.com
naeemah.clark@alston.com

*Attorneys for Defendant Genuine Parts Company*

OF COUNSEL

Randal L. Allen
ALSTON & BIRD, LLP
Two Palo Alto Square
3000 El Camino Real
Suite 400
Palo Alto, CA 94306-2112
(650) 838-2003
randall.allen@alston.com