

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODBURY AUTOMOTIVE WAREHOUSE
ENTERPRISES, LLC,

               Plaintiff,

               v.

GENUINE PARTS COMPANY, INC., D/B/A
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION,

               Defendant.

Index No. 08-CV-7574-DC-KNF

## STIPULATION AND [PROPOSED] ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, subject to the approval

of this Court, by and between the undersigned for the parties as follows:

1.     Any party or any non-party (a "Producing Person") in response to

discovery conducted pursuant to the Federal Rules of Civil Procedure and the Local

Rules for the United States District Court for the Southern District of New York, or with

regard to materials voluntarily produced in discovery, may designate as "Confidential"

any document or information provided in discovery (collectively, "Discovery Material"),

which that Producing Person considers in good faith to contain non-public, confidential,

proprietary or commercially sensitive information, or other business or personal

information subject to protection under Fed. R. Civ. P. 26(c). Any Discovery Material

designated Confidential shall be marked by the Producing Person with the legend

"CONFIDENTIAL" on each page so designated or on the record at the deposition before

the end of the deposition. Discovery Material designated as Confidential, including the

information contained therein and any document quoting or summarizing such information or materials, are hereinafter referred to as "Confidential Information."

2. Any Confidential Information shall be treated in a confidential manner and shall be disclosed only pursuant to the terms of this Stipulation and Order. Confidential Information shall be used only for purposes of this litigation, including pretrial proceedings in this matter, preparation for the trial of this matter, the trial of this matter, and any appeals of this matter. Any other use of Confidential Information, including, but not limited to, business and commercial uses, other litigation, or for public relations, is prohibited. Any disclosure or use of Confidential Information not in accordance with this Stipulation and Order shall be subject to such sanctions as the Court may deem appropriate.

3. Each person to whom any Confidential Information is to be disclosed pursuant to paragraphs 4 and 5 hereof (except the Court and Court personnel and court reporters) shall be provided with a copy of this Stipulation and Order prior to such disclosure.

4. Except as otherwise provided herein, and subject to paragraph 2 hereof, Confidential Information may be disclosed only to the Court and Court personnel; named parties and employees, officers, managers and members, directors and partners of the parties, to the extent reasonably deemed necessary by counsel of record, for the purpose of assisting in the prosecution or defense of this matter; the parties' attorneys and paralegal, clerical and support personnel retained by such attorneys. To the extent deemed necessary by such attorneys, Confidential Information may be shown to

- 2 -

LEGAL02/31020215v3

witnesses (including, but not limited to, former employees of a party) and their counsel, if any, PROVIDED that counsel of record for the party making such disclosure shall first ensure that a copy of this Stipulation and Order has been delivered to the witness and his or her counsel. If such disclosure is not made during or in connection with a deposition, the disclosing counsel shall obtain execution of an acknowledgement in the form attached hereto as Exhibit A, and provide a copy of the executed acknowledgement form to counsel for the Producing Person and all counsel of record. If such disclosure is made during or in connection with a deposition, the disclosing counsel shall either obtain the execution of an acknowledgment in the form attached hereto as Exhibit A or confirm on the record at the deposition in the presence of the witness that a copy of the Stipulation and Order was delivered to the witness. In the event the deposition witness does not sign the acknowledgement, this Stipulation and Order shall be deemed to prohibit the disclosing counsel from proceeding with the use of Confidential Information during the course of the deposition unless such witness is a current or former employee, agent or representative of the Producing Person, in which case, during the deposition the disclosing counsel can proceed with the use of Confidential Information produced by that Producing Person after the disclosing counsel has confirmed on the record at the deposition in the presence of the witness that a copy of the Stipulation and Order was delivered to the witness and provided that the witness not be allowed to retain copies of any Confidential Information at the conclusion of the deposition.

5.    Confidential Information may be disclosed to any expert or consultant or other third party assisting a party's counsel in connection with this matter to the extent deemed necessary in good faith by such counsel to enable the expert,

- 3 -

LEGAL02/31020215v3

consultant or such other third party to provide such assistance, PROVIDED that the expert, consultant or such other third party shall first execute an acknowledgment in the form attached hereto as Exhibit A.

      6.      Prior to providing any Confidential Information to named parties and employees, officers, managers and members, directors and partners of the parties pursuant to Paragraph 4, the disclosing counsel shall first obtain a signed acknowledgment in the form attached hereto as Exhibit A. No Confidential Information shall be disclosed to any person who, if required by paragraphs 4 5, or 6 to sign the form of acknowledgment attached hereto as Exhibit A, does not first sign such acknowledgment. All signed acknowledgments shall be maintained by counsel and shall be produced if required by the Court. A copy of signed acknowledgments shall be sent to counsel for the Producing Person and all counsel of record within a reasonable time after said acknowledgment is signed, except that copies of an acknowledgment signed by an expert or consultant or other third party referred to in Paragraph 5 need not be sent to counsel.

      7.      If a party objects to the designation of any Discovery Material as Confidential Information, the parties and, if applicable, the Producing Person shall attempt to resolve the dispute. If the dispute is not so resolved, the party designating the Discovery Material as Confidential Information shall apply to the Court for a ruling that the specified Discovery Material shall be so treated, giving notice to all other parties and, if applicable, the Producing Person. Until this Court enters an order changing the designation, or until the parties and the Producing Person agree otherwise, the Discovery Material shall be treated as Confidential Information. No party, by treating designated

- 4 -

material as Confidential Information in accordance with this Stipulation and Order, shall be deemed to have conceded that the material actually is confidential, but shall nonetheless act in any manner consistent with this said Order.

8.    All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall to the extent feasible be filed under seal and kept under seal until further order of the Court. This shall be accomplished by placing the pleadings, motion or other papers in a sealed envelope with a separate letter to the Clerk of the Court advising the Clerk that the documents should be filed under seal. A separate Notice of Service shall be attached to the letter to the Clerk. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

9.    Upon written request after the termination of this litigation, including all appeals, if any, counsel for each party shall destroy all Confidential Information, including all copies thereof, and upon written request by counsel for the Producing Person shall certify in writing to counsel for the Producing Person that the provisions of this paragraph have been complied with; PROVIDED, however, that counsel for the parties may retain in their own files all pleadings, discovery, responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information. Any such pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product so retained shall remain Confidential and subject to the restrictions contained in this Stipulation and Order.

LEGAL02/31020215v3

10.     Information obtained from a source other than Discovery Material shall not be deemed Confidential Information, regardless of whether such information is also contained in Discovery Material designated Confidential.

11.     Nothing contained herein shall be construed to limit any Producing Person from using its own Confidential Information in any manner that it may choose.

12.     Nothing in this Stipulation and Order shall prevent any party from producing any document or information in his, her or its possession to another person in response to a subpoena or other compulsory process, PROVIDED, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to counsel for the Producing Person, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given.

13.     The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or further order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

14.     Nothing herein shall preclude any person from applying to this Court for an order modifying this Stipulation and Order.

LEGAL02/31020215v3

So ORDERED this 23ʳᵈ day of April, 2009

Honorable Denny Chin

SEEN AND AGREED TO:

Dated: April 22, 2009

GALARZA LAW OFFICE, P.C.

By:

J. Ceasar Galarza
5020 Sunrise Highway, 2ⁿᵈ Floor
Massapequa Park, New York, 11762
*Attorneys for Plaintiff*

Dated: April 22, 2009

ALSTON & BIRD LLP

By: Naeemah Clark
Karl Geercken (KG5897)
Naeemah Clark (NC4961)
90 Park Avenue
New York, New York 10016
(212) 210-9400

-and-

By: Randal Allen / NC
Randal L. Allen (Of Counsel)
1201 West Peachtree Street NW
Atlanta, GA 30309
(404) 881-7196
*Attorneys for Defendant Genuine Parts Company*

LEGAL02/31020215v3

## EXHIBIT A

### AGREEMENT TO BE BOUND BY
### STIPULATION AND ORDER OF CONFIDENTIALITY

The undersigned, _____ _____ (print or type name),

under penalty or perjury, hereby acknowledges that I have read and that I understand the

Stipulation and Order of Confidentiality entered in this matter (attached hereto as Exhibit

1), by the United States District Court for the Southern District of New York, on April

___, 2009, and hereby agree to abide by its terms and conditions. I also understand that

any violation of the Stipulation and Order of Confidentiality by me or anyone acting

under my direction may subject me to penalties for contempt of court.

I consent to the exercise of jurisdiction over me by this Court for purposes

of enforcement of the Stipulation and Order of Confidentiality.

Dated: _____

_____
Signature

_____

_____
Address